```
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
HARPER S. BATTS, Cal. Bar No. 242603
CHRISTOPHER PONDER, Cal. Bar No. 296546
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        hbatts@sheppardmullin.com
              cponder@sheppardmullin.com
```

Attorneys for Defendant Netflix, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: SUBPOENA TO GOOGLE LLC<br><br>IN CONNECTION WITH:<br><br>CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED.<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No. 5:21-mc-_____-MISC<br><br>Case No. 2:21-cv-80-JRG-RSP<br><br>Pending in the United States District Court for the Eastern District of Texas<br><br>**NETFLIX, INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF A SUPPLEMENTAL PROTECTIVE ORDER AS TO MATERIALS PRODUCED BY THIRD-PARTY GOOGLE LLC**<br><br>Date:    TBD<br>Time:    TBD<br>Crtrm.:  TBD<br><br>The Hon. TBD |

PLEASE TAKE NOTICE THAT on _____ (day and time to be determined by the Court), or as soon thereafter as counsel may be heard, in a Courtroom to be determined, located in the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113 the Court shall hear a motion.

Netflix, Inc. will move the Court for entry of a supplemental protective order pursuant to Rule 45(d)(3) and Rule 26(c) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Netflix, Inc. is a defendant in a patent infringement action pending in the U.S. District Court for the Eastern District of Texas. Netflix issued a Subpoena to Google LLC seeking information concerning its YouTube platform because it is system prior art to one of the asserted patents. Google has agreed to make responsive source code available for inspection if this Court enters an appropriately tailored protective order that will protect Google's highly confidential and commercially sensitive source code from disclosure.

The Stipulated Protective Order in the underlying action was agreed to by the parties before Google was subpoenaed. Google has proposed reasonable modifications to the Stipulated Protective Order to govern Google's highly confidential source code. Netflix has agreed to Google's modifications. The Plaintiffs in the underlying action needlessly delayed the meet and confer process by stating that they object to Google's modifications and refusing to commit to provide specific objections by a date certain. On the fourteenth day after receiving Google's modifications, Plaintiffs finally sent a redline. Google has agreed to one of the Plaintiffs' changes, which is reflected in the proposed supplemental protective order.

Because the fact discovery and expert report deadlines are rapidly approaching at the end of November and the Subpoena requires Google's compliance in this District, Netflix moves this Court to enter the attached proposed supplemental protective order as to materials produced by Google. The proposed supplemental protective order is agreed to by the only parties to the Subpoena—Netflix and Google. Upon the issuance of the supplemental protective order, Google will permit Netflix to expeditiously review its source code. Google has confirmed it has no objection to Netflix's two experts, who are ready and waiting to review Google's source code.

## II. RELEVANT FACTS

On March 9, 2020, Plaintiffs CA, Inc. and Avago Technologies International Sales Pte. Limited filed a complaint for infringement of five patents against Netflix in the Eastern District of Texas. Ponder Decl. ¶1. The complaint alleges infringement of five patents, which include U.S. Patent No. 10,911,938. *Id.* at ¶¶1-2. The Plaintiffs allege that Netflix's streaming services and its supporting subsystems infringe upon the asserted patents. *Id.*

The trial court entered a scheduling order on August 2, 2021 setting the close of fact discovery, the deadline for opening expert reports, and the deadline for filing motions to compel discovery on November 29, 2021.  Ponder Decl. ¶4; Ex. A.  The trial court also entered the parties' Stipulated Protective Order.  Ponder Decl. ¶5; Ex. B (Stipulated Protective Order).  Netflix timely served its Subpoena on Google on August 25, 2021.  Ponder Decl. ¶6; Ex. C (Subpoena).  Google requested two extensions of time to respond to the Subpoena, and its final deadline to respond to the Subpoena was October 20, 2021.  Ponder Decl. ¶6.  On October 20, Google proposed modifications to the provisions of the Stipulated Protective Order.  *Id.* at ¶6; Ex. E.

The Plaintiffs were served with a copy of Google's proposed modifications on October 22 and responded "we would be open to a supplemental PO that is limited to source code and other materials produced by Google.  But as this draft is structured, we are concerned that we will be creating interpretation issues because the modifications to the PO are global, and would arguably apply to source code produced by Netflix and others…."  Ponder Decl. ¶7; Ex. F at 4-5.  That evening, Netflix provided a revised version that made clear that the modified terms only applied to materials produced by Google.  Ponder Decl. ¶8; Ex. F at 4.  On October 26, Google agreed to increase the number of permitted copy sets of source code and Netflix agreed to Google's modifications.  Ponder Decl. ¶9; Ex. F at 3.  On October 28, Plaintiffs stated "[w]e are working on revising the draft you sent and will provide proposed edits back.  Unfortunately, I cannot commit to a date certain when we will have the edits back to you."  Ponder Decl. ¶12; Ex. F at 1.

Plaintiffs delayed discovery by not providing any revisions or specific objections to Google's modifications for fourteen days.  Ponder Decl. ¶13; Ex. G.  Google's proposed modifications have been substantively the same since they were provided to the Plaintiffs on October 22.  Ponder Decl. ¶14; Ex. H (redline comparing Google's Oct. 22 proposed terms with the terms of the proposed supplemental protective order).  Since being provided with Plaintiffs' proposed revisions on November 5, Google has agreed to the Plaintiffs' revision as to Paragraph 10(h), which has been incorporated into the proposed supplemental protective order.  Ponder Decl. ¶13.

## III. APPLICABLE LAW

When a subpoena issued under Federal Rule of Civil Procedure 45 requires "disclosing a trade secret or other confidential research, development, or commercial information," the court where compliance is required may quash or modify the subpoena to protect the person subject to the subpoena. Fed. R. Civ. P. 45(d)(3)(B). In addition to the power to quash or modify the subpoena, the court where compliance is required has the power to order "production under specified conditions" if the serving party shows a substantial need for the material that cannot otherwise be met without undue hardship and the subpoenaed person will be reasonably compensated. Fed. R. Civ. P. 45(d)(3)(C).[1]

## IV. ARGUMENT

Good cause exists to grant this motion because Google wishes to comply[2] expeditiously with the Subpoena but cannot make responsive source code available for inspection absent an appropriately tailored protective order, because the Subpoena seeks disclosure of highly confidential, commercially sensitive source code for Google's YouTube platform, and public disclosure would irreparably harm Google. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code

---

[1] The power to order a subpoenaed person to produce trade secret or confidential information on specified terms is similar to the power held by the court where the action is pending to enter a Rule 26(c) order specifying the terms of production. *Compare* Fed. R. Civ. P. 45(d)(3)(C) *with* Rule 26(c)(1)(G) (for good cause, the court where the action is pending may issue an order to protect a party or person by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

[2] Although Google and Netflix are continuing to meet and confer in good faith concerning the scope of the Subpoena, Netflix reserves the right to seek further relief from the Court as proves necessary.

clearly meets the definition of a trade secret."); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption" "in favor of [public] access" to court records.). The modifications that Google and Netflix have agreed to are intended to strengthen the confidentiality provisions that Netflix and Plaintiffs negotiated for in the underlying action, such that the agreed upon modifications apply the standard provisions that Google typically demands when making highly confidential, commercially sensitive source code available for inspection in other actions.

The requirements for entering the requested supplemental protective order under Rule 45(d)(3)(C) are satisfied. *First*, the circumstances described in Rule 45(d)(3)(B) are present because the subpoena requires Google to "disclos[e] a trade secret or other confidential research, development, or commercial information." In its response to the Subpoena, Google has identified the highly-confidential source code for its YouTube platform as responsive to several of the Subpoena's requests for production. Ponder Decl. ¶6; Ex. D (Google's Resp. and Objs.) at 3-14.

*Second*, the Court should "order appearance or production under specified conditions" set forth in the proposed supplemental protective order because Netflix has "a substantial need for the testimony and material that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(d)(3)(C). The source code for YouTube is highly relevant to its invalidity defense against the '938 patent asserted in the underlying action. Ponder Decl. ¶3. There is no dispute that the source code for the YouTube system is not publicly available and cannot be legitimately obtained other than by the Subpoena to Google. *Id.* Finally, there is no dispute that Google will be reasonably compensated for producing the requested material.

**V.     CONCLUSION**

For the reasons stated above, Netflix seeks entry of the proposed Supplemental Protective Order as to Google, submitted herewith.

Dated: November 8, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ *Harper S. Batts*
HARPER S. BATTS

Attorneys for Defendant Netflix, Inc.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On November 8, 2021, I served true copies of Netflix, Inc.'s Notice of Motion and Motion for Entry of a Supplemental Protective Order as to Materials Produced by Third-Party Google LLC, the Declaration of Christopher S. Ponder and Exhibits A-H thereto, and the Proposed Supplemental Protective Order on the following persons:

## SERVICE LIST

Counsel for Google LLC:

Nicholas Lee
nicholas.lee@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street | 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4156

Carson Anderson
carson.anderson@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real
Five Palo Alto Square | Suite 500
Palo Alto, CA 94306-2112
Telephone: 650.319.4578

Counsel for Plaintiffs CA, Inc. and Avago Technologies International Sales Pte. Limited:

Bruce S. Sostek
bruce.sostek@hklaw.com
Richard L. Wynne, Jr.
richard.wynne@hklaw.com
Adrienne E. Dominguez
adrienne.dominguez@hklaw.com
Austin Teng
austin.teng@hklaw.com
CA-NetflixEXTERNALService@hklaw.com
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone: 214.969.1700
Facsimile: 214.969.1751

Samuel F. Baxter State
baxter@mckoolsmith.com
Jennifer L. Truelove
jtruelove@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: 903.923.9000
Facsimile: 903.923.9099

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address cponder@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 8, 2021, at San Francisco, California.

    /s/ Christopher Ponder
Christopher Ponder